GIACOMO MARINELLI & others *vs.* BOARD OF APPEAL OF THE BUILDING DEPARTMENT OF THE CITY OF BOSTON.

Suffolk.  December 8, 1930, January 5, 1931. — April 1, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Zoning,* Variation, Adjustment.  *Boston,* Board of appeal of building department.  *Jurisdiction.  Department of Public Utilities.  Certiorari.*

In a petition for a writ of certiorari in 1930 to review action by the board of appeal of the building department of the city of Boston in varying the application of the zoning law of that city, St. 1924, c. 488, by permitting a coal company to erect structures suitable for its business in a yard of a railroad corporation located within a residence district under the zoning law, the respondent's return showed that, by reason of the abandonment of other premises of the railroad corporation, the coal company no longer could do business thereon and the railroad corporation, previous to the enactment of the zoning law, orally had agreed to relocate the coal company in the yard in question by selling or leasing to it a portion thereof; that the yard as a practical matter could not be used for residential purposes; that unnecessary hardship and practical difficulty would be imposed upon the coal company by denying to it the use of the land for the purpose desired; and that the variance was granted by the respondent on terms intended to minimize annoyance to others by the presence of the structures.  The appeal to the respondent board was by the

railroad corporation and the coal company. No question was raised as to notice of the hearing by the respondent board. At that hearing there were fifty-eight protestants present, represented by three attorneys. The petition was ordered dismissed. *Held,* that

(1) In these circumstances, the appeal by both the railroad corporation and the coal company to the respondent board was not barred by the fact that the railroad corporation, if alone interested, might have proceeded under said St. 1924, c. 488, § 22, to seek relief from the department of public utilities;

(2) Although the agreement between the coal company and the railroad corporation was oral, and the coal company had no title to the land in question, there was no reason why the agreement should not be respected; and the coal company had such interest in the land in view of the attitude of the railroad corporation as entitled it in the circumstances to consideration by the respondent board;

(3) It did not appear that the action of the respondent board trespassed upon the domain of the board of zoning adjustment under § 20 of the zoning law as to changing the zoning map;

(4) It could not be said as a matter of law that substantial justice had not been done to all interests concerned, or that the action of the respondent board was without foundation or an arbitrary exercise of power; and there was no error in the denial of the petition.

At the hearing of the petition above described, the petitioners filed a motion that the respondent board be ordered to amend its return by adding certain facts. Two of these were agreed to be true by the attorney representing the railroad corporation and the coal company, and the respondent board did not renounce the attorney's action. The third fact was that the petitioner had introduced in evidence at the hearing by the respondent a previous decision by the board of zoning adjustment of Boston changing the zoning district of the land in question. The motion was denied. *Held,* that

(1) The matter specified in the motion and not admitted was of no consequence;

(2) There was no error in the denial of the motion.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 17, 1930, for a writ of certiorari to review action by the respondents in varying the application of the zoning law of Boston.

The respondents' return is described in the opinion. The case was heard by *Sanderson,* J. The petitioners filed a motion that the respondents be ordered to include in the return the facts that the attorney for the petitioners introduced in evidence at the hearing by the respondents a decision by the board of zoning adjustment of Boston in 1927 changing the zoning district of certain land, including the premises in question; that the attorney for the

appellants at that hearing did not introduce an agreement in writing between the appellants to relocate the City Fuel Company; and that their attorney did not introduce evidence at that hearing to show that either of the appellants "had publicly recorded" such agreement. The attorney admitted at the hearing before the single justice that the agreement was oral. The single justice denied the motion and ordered the petition dismissed. The petitioners alleged exceptions.

*F. R. Walsh*, for the petitioners.

*L. Schwartz*, for the respondents.

RUGG, C.J.    This is a petition for a writ of certiorari for examination of errors of law alleged to exist upon the record of proceedings of the respondent board touching its action in varying the application of the zoning law of Boston. The exceptions are to the denial of a motion by the petitioners for a further return and to the dismissal of the petition.

The return of the respondent board shows that the City Fuel Company and the New York, New Haven and Hartford Railroad Company appealed from a decision of the building commissioner denying application for permit for use of certain premises and petitioned to the respondent board to vary the application of the zoning law, St. 1924, c. 488, in order to enable the construction of a hopper, a coal pocket, scales, office building and storage space on designated land. Such construction was forbidden by the zoning law because the land was located within a residence area. The reasons set forth by the respondent board for varying the application of the zoning act in substance are that the land in question is in a freight yard of the New York, New Haven and Hartford Railroad Company and had been used for that purpose for a number of years before the enactment of the zoning law, and, although within a district zoned for residential purposes, such use may be continued under § 9 of the zoning law; that, owing to abandonment by the railroad corporation of freight operations at Mattapan, the City Fuel Company can no longer do business there, and that the railroad corporation orally

agreed in April preceding the enactment of the zoning law to relocate the fuel company in this freight yard, which is adapted therefor, and the railroad corporation proposes to sell or lease to the fuel company about ninety thousand square feet of land for the erection of the proposed structures; that the land cannot as a practical matter be used for residential purposes, and that unnecessary hardship and practical difficulty would be imposed upon the fuel company by denying to it the use of the land for the purpose desired. The respondent board found that the proposed use of the land would not conflict with the spirit or purpose of the zoning act, nor injure any person or property. Therefore, with the proviso that the coal pocket be kept one hundred feet back from a nearby highway, and that the elevators and coal pocket be enclosed and lined and made as near dust proof as possible, the respondent board granted the desired variance and ordered permit to be issued accordingly.

The petition to the respondent board was in the names of both the fuel company and the railroad corporation. Though the railroad corporation alone might have sought relief from the department of public utilities under St. 1924, c. 488, § 22, paragraph third, that paragraph is confined in its operation to public service corporations. The only channel for relief open to the fuel company was the respondent board. In these circumstances, petition and appeal by the two to the respondent board were not barred by the fact that the railroad corporation, if alone interested, might have proceeded under said § 22.

It was not a mere pecuniary hardship that confronted the fuel company under the facts here disclosed. It had a claim founded on equity and good conscience, arising before the enactment of the zoning law, for the location in question. Even though the agreement between the railroad corporation and the fuel company was oral and hence not enforceable at law, there is no reason why their purpose to execute an obligation of honor and fair dealing should not be respected. The dependence of a fuel company without access to navigable waters upon adequate railroad facilities is mat-

ter of common knowledge. For aught that appears, this fuel company would have been driven out of business if not granted the relief sought. The fuel company, having no title to the land, nevertheless had such interest therein in view of the attitude of the railroad corporation as entitled it under all the facts found to consideration by the respondent board.

It does not appear that the action of the respondent board trespassed upon the domain of the board of zoning adjustment under § 20 of the act as to changing the zoning map. The land in question was at the time of the enactment of the zoning law devoted to railroad purposes. That use might have been continued indefinitely, and the proposed use is of a kindred nature.

In view of all the facts set forth in the return, the action of the respondent board cannot be pronounced without foundation or as an arbitrary exercise of power.

In our opinion, there is nothing in the action of the respondent board contrary to decisions hitherto rendered under zoning laws.

For aught that appears, all the petitioners were present and heard on all the issues before the respondent board. It is stated in the record of the respondent board that two named persons and about fifty-six other protestants were present at that hearing, represented by three different attorneys. No objection based on the want of proper notice seems to have been raised at any stage of the proceedings by request for ruling or otherwise. In any event, it cannot rightly be said as matter of law that substantial justice has not been done to all interests concerned. In such circumstances the writ of certiorari may properly be denied. *Gleason* v. *Sloper*, 24 Pick. 181, 184. *Wright* v. *Tukey*, 3 Cush. 290, 300. *Brewer* v. *Boston, Clinton & Fitchburg Railroad*, 113 Mass. 52, 57. *Onset Street Railway* v. *County Commissioners*, 154 Mass. 395, 400. *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, 104, and cases cited.

The petitioners filed a motion praying that the respondent board be ordered to amend its return in specified particulars. At the hearing, counsel for the railroad corporation and the

fuel company, who argued by leave of court, agreed that two of the facts thus alleged were true. The respondent board has not renounced this action. The motion was then denied. That action may have been based on a finding that the remaining particular specified in the motion was not true. The matter specified in the motion and not admitted is of no consequence. Evidence presented at the hearing before the inferior tribunal is no proper part of the return upon a petition for certiorari, except so far as questions of law may have been raised touching it. *Bradley* v. *Board of Zoning Adjustment of Boston*, 255 Mass. 160, 163.

*Exceptions overruled.*