ALBERT I. CARSON & others *vs.* BOARD OF APPEALS OF LEXINGTON.

Middlesex. January 7, 1947. — October 6, 1947.

Present: LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Zoning. Quasi Judicial Tribunal. Notice. Lexington.*

Action of a town's board of appeals under provisions of its zoning by-law that, upon a petition and after a hearing pursuant to a designated notice, they might "determine and vary the application of the regulations" by permitting "garages for storage and repair" in a certain district if they found that in their "judgment the public convenience and welfare will be substantially served and where such exception will not tend to impair the status of the neighborhood," was within the jurisdiction conferred upon the board by paragraph 2 of the enumeration of their powers in G. L. (Ter. Ed.) c. 40, § 30, as inserted by St.

1933, c. 269, § 1, and not within the jurisdiction respecting variances conferred upon them by paragraph 3.

The proprietor of a bus line, who was under a contract to purchase certain land in a town conditioned upon the granting of a permit to build and operate thereon a garage and repair shop, was a proper petitioner to the town's zoning board of appeals for such a permit under paragraph 2 of the enumeration of the board's powers in G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and applicable provisions of the zoning by-law.

The mere fact that a petition to the zoning board of appeals of a town for a permit, and the notice of hearing thereon, wrongly described the street location of the land in question did not make invalid a permit granted thereon where it appeared that there was a contested hearing, that no contestant before the board objected to the form of the description, and that no one could have been misled thereby.

A permit, granted by a town's zoning board of appeals to the proprietor of a bus line "to erect and maintain a garage . . . to be used for the storage of not more than sixteen buses and for light repair," was not rendered invalid by the mere facts that the petition of the proprietor upon which it was based and a notice of a hearing thereon specified "erection and maintenance of garage."

A notice of a hearing on a petition before a town's zoning board of appeals which the zoning by-law required should be given "by mail to such interested parties as the board shall designate," was not shown to be defective and to vitiate a permit granted on the petition on the ground that the clerk of the board had procured from the assessors, according to the usual custom in such cases, a list of persons who should be notified and had sent notices to the persons on that list, where it appeared, on an appeal to the Superior Court in equity, that all the appellants in fact had had notice of the hearing, that the board had proceeded with the hearing, and that neither the by-law nor any statute prescribed when the designation of persons to be notified should be made by the board.

Evidence and findings on an appeal under G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, from the granting by a town's zoning board of appeals of a special permit to the proprietor of a bus line for the erection and operation of a garage for storage of a certain number of buses and for repairs warranted a conclusion that the granting of the permit was within the provisions of the by-law in that "the public convenience and welfare . . . [would] be substantially served" thereby and that it would "not tend to impair the status of the neighborhood"; and justified a decree sustaining the granting of the permit.

BILL IN EQUITY, filed in the Superior Court on May 3, 1946, on appeal under G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and subsequently amended, from a decision by the zoning board of appeals of the town of Lexington granting a permit described in the opinion.

The case was heard by *Baker*, J., by whose order a decree was entered sustaining the decision of the board. The plaintiffs appealed to this court.

*P. A. Northrup*, for the petitioners.

*D. A. Lynch*, Town Counsel, for the respondent.

LUMMUS, J. One Elizabeth C. Phelps owned land in Lexington bounding westerly on Bedford Street about two hundred feet, and running easterly to the location on which were the tracks of the Boston and Maine Railroad. The land was numbered 47–49 Bedford Street. By the zoning by-law of the town of Lexington it was placed in a "C. 1" district, in which many kinds of business were permitted without limitation, and others were permitted when authorized by the board of appeals. By § 4, it was provided that "subject to the provisions of § 9" there would be permitted in the district "garages for storage and repair." Section 9 provided that the board of appeals might "determine and vary the application of the regulations" "upon written petition, a hearing of which fourteen days' public notice as provided for in § 17 shall have been given," when the board of appeals had found that "in its judgment the public convenience and welfare will be substantially served, and where such exception will not tend to impair the status of the neighborhood." The notice provided for by § 17 consists of "fourteen days' public notice . . . given in a local paper," and "notice by mail to such interested parties as the board shall designate."

On July 1, 1944, Elizabeth C. Phelps conveyed all the westerly end of her land, including all the frontage on Bedford Street, to the town of Lexington, which bought the land for the purpose of a fire station. On March 20, 1946, she entered into a written contract to sell the easterly end of her land to Lovell Bus Lines, Inc., which desired it for the purpose of erecting a garage. On March 20, 1946, Lovell Bus Lines, Inc., petitioned the board of appeals "to vary the application of section [blank] of the Lexington zoning by-law with respect to the premises at No. 47 & 49 Bedford Street, owned by Elizabeth C. Phelps of Lexington by permitting the following: Erection and maintenance of garage."

After notice to various neighboring landowners, the board of appeals held a hearing on April 18, 1946, at which many persons were heard for or against the petition. On April 24, 1946, the board granted the petitioner permission "to erect and maintain a garage on the premises now owned by Elizabeth C. Phelps, said garage to be used for the storage of not more than sixteen (16) buses and for light repairs." On May 3, 1946, eleven persons owning property in Lexington, who objected to the granting of the petition, appealed· under G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and subsequently amended, to the Superior Court sitting in equity.

The statute provides, among other things, for the granting by the board of appeals of "a variance from the terms of such . . . [a zoning] ordinance or by-law." This is not a case of variance, for the by-law itself authorizes "garages for storage and repair" in the zoning district in question when permitted by the board of appeals. This case falls under the provision of the statute which gives the board of appeals jurisdiction "to hear and decide requests for special permits upon which such board is required to pass under such ordinance or by-law." *Lambert* v. *Board of Appeals of Lowell,* 295 Mass. 224, 225, 227. *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 281. *Smith* v. *Board of Appeals of Fall River,* 319 Mass. 341, 343, 344.

The plaintiffs contend that Lovell Bus Lines, Inc., was not a proper petitioner with respect to the land in question, because the owner was Elizabeth C. Phelps, as the petition stated, and the petitioning corporation had only a contract to buy from her, which contract was conditional upon the granting of a permit to build and operate a garage with space for twelve buses and suitable facilities for a repair shop and office. We find nothing in the statute or by-law to prevent Lovell Bus Lines, Inc., from being the petitioner. *Marinelli* v. *Board of Appeal of Boston,* 275 Mass. 169, 173. *Pitman* v. *Medford,* 312 Mass. 618, 623, 624. .

The plaintiffs contend that in the petition and notice the land was wrongly described as located at 47–49 Bedford Street, instead of on Camellia Place which runs easterly

from Bedford Street to the railroad location. It is true that since the conveyance of the westerly end of the land to the town the remaining land in question has no boundary on Bedford Street. But in 1945 and 1946 it was still taxed as located at 47–49 Bedford Street. The description in the petition and notice could hardly have referred to any other land, for the only other land having the same numbering was the land already conveyed to the town. At the hearing before the board no one objected to the description, according to the uncontradicted evidence, as well as the finding of the judge. The written objection to the granting of the petition which was presented to the board, bearing the signatures of many owners of property including all the plaintiffs but one, described the land as it was described in the petition and notice. Many persons, including the attorney for the plaintiffs, opposed the petition before the board, without objection on this ground. We think that no one could have been misled by the description, and that it was sufficient.

The petition prayed that "erection and maintenance of garage" be permitted on the land in question. The notice followed substantially the same form. In granting the petition the board authorized the petitioner "to erect and maintain a garage . . . to be used for the storage of not more than sixteen (16) buses and for light repair." The plaintiffs contend that the authorization enlarged the scope of the petition and notice, and is therefore invalid. See *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97. The notice should be sufficient to warn neighboring landowners of proposed action that may affect them injuriously. In the present case it is true that neither the petition nor the notice disclosed the size of the proposed garage. But since the petitioner was a bus company, it was probable that the garage was intended for the storage of a considerable number of buses rather than for the accommodation of one or two private automobiles. The making of "light repairs" might well be deemed incidental to the maintenance of such a garage. We think that the petition and the notice were not defective in the respects just discussed.

Section 17 of the zoning by-law, made applicable to the present case by § 9, provides for notice upon the petition to be given "in a local paper" and "by mail to such interested parties as the board shall designate." In this case the clerk of the board, upon the filing of the petition, obtained from the assessors, according to the usual custom in such cases, a list of the persons who should be notified, and sent notices to the persons on that list. The plaintiffs contend that this was an unlawful delegation of the powers of the board. *Sodekson* v. *Lynch*, 298 Mass. 72, 74, 75. *O'Brien* v. *Pittsfield*, 316 Mass. 283, 285, 286. But all the plaintiffs except one signed a written objection to the granting of the petition by the board, and that one bore the same surname and lived at the same address as another who did sign, so that it may be inferred that all the plaintiffs had notice of the hearing. Moreover, the fact that the board went on with the hearing involved a determination by the board that "such interested parties as the board shall designate" had notice. Neither the by-law nor any statute prescribes when such determination or designation shall be made. We think there was no defect in the notice in this respect.

Lastly, the plaintiffs contend that the decree, sustaining the permit granted by the board of appeals, was wrong upon the merits. To grant the permit, the board had to find in its judgment that "the public convenience and welfare will be substantially served" by granting it, and that granting it "will not tend to impair the status of the neighborhood." The judge found that the Lovell Bus Lines, Inc., had immediate need for garage facilities in Lexington, that it had tried to obtain them without success, that unless they could be procured it would be necessary to curtail the service and inconvenience the citizens, while if they could be procured the service rendered by Lovell Bus Lines, Inc., would be enlarged and improved. He found that the district involved was not suitable for residential purposes, but was used for various businesses. He found that public convenience and welfare would be substantially served by the granting of the petition, and that it would not tend to impair the status of the neighborhood and would not detract from the enjoy-

ment of the property rights of the plaintiffs. These findings were supported by the evidence. The evidence showed that the houses of all the plaintiffs were located either across the tracks from the proposed garage, or at distances in no case less than seven hundred sixty-five feet from it. On the merits we think that the decree was right.

*Decree affirmed.*