EDITH FAY SELLORS *vs.* TOWN OF CONCORD
(and a companion case between the same parties).

Middlesex.    May 7, 1952. — September 10, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Eminent Domain,* Validity of taking, Purpose of taking.  *Zoning.  Concord.  Permit.  Board of Appeals.*

A taking of land by eminent domain made by a town in good faith for specified proper municipal uses was not invalid as not being for public purposes merely because the specified uses of the property were precluded by the town's zoning by-law without a special permit provided for in the by-law or a variance and neither of them had been granted at the time of the taking.

Provisions of the zoning by-law of Concord, in substance that premises might be used for any of certain enumerated purposes if the board of appeals should "rule that such use is not detrimental or injurious to the neighborhood," that the board should "act on all matters within its jurisdiction . . . in the manner prescribed by" G. L. (Ter. Ed.) c. 40, § 27A, and with due regard "to conserving the public health, safety, convenience, welfare, and property values," and that the board in "issuing any permit respecting a special . . . use provided for herein" might "impose such safeguards, conditions and limitations" as it might reasonably think "necessary or advisable" to prevent harm from such use, authorized the board to "hear and decide requests for special permits" within § 30, as appearing in St. 1933, c. 269, § 1, and established adequate standards for the board's guidance so that it could not be said that the board was given uncontrolled discretion respecting such permits.

---

Two WRITS OF ENTRY in the Land Court dated May 20, 1949.

The cases were heard by *Fenton, J.*

*Philip B. Buzzell,* for the demandant.

*Edmund L. Twomey,* for the tenant.

SPALDING, J. These are two writs of entry to recover possession of two parcels of land in the town of Concord which the town purported to take by eminent domain for municipal purposes. The answers of the tenant included what are in effect pleas of nul disseisin. The judge ordered judgment for the tenant in each case. The cases come here on the demandant's exceptions to various rulings of the judge.

The facts are not in dispute. At the annual town meeting held on March 3, 1947, the voters of the town of Concord authorized the selectmen to take two parcels of land; one for a police and fire station and the other for a town building "to provide offices and meeting places for public purposes." Both parcels were located near the center of the town and were owned by the demandant. On September 8, 1947, the board of selectmen adopted two orders purporting to take in fee both parcels for the purposes specified in the vote of authorization. All formal requirements in connection with the takings were complied with. On August 20, 1948, the demandant filed two petitions for assessment of damages in the Superior Court for Middlesex County, both of which are still pending.

Under the provisions of a zoning by-law in force at the time of the takings, both parcels were located in a single residence district, except a small portion of one lot which was in a general residence district. Neither of the proposed municipal purposes stated in the orders of taking was included in the uses permitted in either district. Section 6 of the by-law, however, which is entitled "Non-Conforming Uses," reads in part as follows: "(f) A building or premises may be erected, altered and used in any district for any of the following purposes provided the Board of Appeals shall rule that such use is not detrimental or injurious to the neighborhood: . . . 9. Municipal use. . . ."

The town has taken possession of both parcels but has not as yet undertaken construction of the proposed buildings. Nor has any application been made to the board of appeals for either a variance or special permit authorizing the uses for which the parcels were taken.

At the outset the tenant contends that the demandant has no standing to maintain the present proceedings in view of the fact that prior to their commencement she had brought petitions for the assessment of damages under G. L. (Ter. Ed.) c. 79. We need not decide the merits of this contention (see, however, *Moore* v. *Sanford,* 151 Mass. 285; *Radway* v. *Selectmen of Dennis,* 266 Mass. 329, 336) for the point is not open on this record. A ruling adverse to the tenant was made in the court below and no exception was taken.

The principal contention of the demandant arises from an exception to a ruling, the substance of which was that the parcels taken could be used for the municipal purposes set forth in the orders of taking provided the board of appeals should determine that such uses were not detrimental or injurious to the neighborhood, and the fact that the board had not so determined prior to the date of the takings did not make the takings invalid. The demandant's position is that in the absence of authority to construct the proposed municipal buildings at the time of the takings the town had no right to take the land. It could not, it is argued, take the land merely in the hope or expectation that at some indefinite time in the future it might be authorized to use it for the purposes for which it was acquired; the validity of the takings must be tested by the conditions obtaining at the time they were made.

That the power of eminent domain may be exercised only for a public purpose is too well settled to require extended citation of authority. *Machado* v. *Board of Public Works of Arlington,* 321 Mass. 101, 103. "Private property . . . cannot be seized ostensibly for a public use and then diverted to a private use." *Salisbury Land & Improvement Co.* v. *Commonwealth,* 215 Mass. 371, 377. *Wright* v. *Walcott,* 238

Mass. 432, 434–435. The demandant argues that the taking by the town of land which is unavailable for the proposed municipal purposes because of a zoning restriction cannot be regarded as a taking for public uses, for the restriction may never be removed.

As the good faith of the town is not challenged, we must assume that the proposed uses are not mere pretences, and that the town officials will diligently proceed to do whatever is necessary to effectuate the objects for which the land was taken. *Stoughton* v. *Paul,* 173 Mass. 148. *Broderick* v. *Department of Mental Diseases,* 263 Mass. 124, 128. *Stockus* v. *Boston Housing Authority,* 304 Mass. 507, 511. Plainly these are public purposes and the contrary has not been argued. It is apparent that § 6 (f) of the zoning by-law sanctions the proposed municipal uses of the land in question, if the permission of the board of appeals is obtained. Furthermore, the town can amend the by-law to permit the uses for which it authorized the selectmen to take the land. G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320. There is no evidence tending to show that an amendment would not promote the general objects set forth in G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1. *Lamarre* v. *Commissioner of Public Works of Fall River,* 324 Mass. 542. That a possibility exists that the land may not be devoted to the proposed uses cannot be denied. But in the absence of evidence that the town cannot reasonably expect to achieve its public purposes, we cannot deny its right to take land by eminent domain. Obviously in the carrying out of the projects contemplated by the town many steps must be taken, and they cannot all be taken at once. The town would hardly be in a position to ask the board of appeals for permission to use the land for municipal purposes before it had acquired the land. It would have to appropriate funds for the construction of the proposed buildings. And, conceivably, it might have to borrow money and issue bonds for this purpose. Very likely the services of an architect would be required and authority to employ him would be necessary. Perhaps building permits would also be

required.  It is possible, therefore, that the proposed build-
ings might never be built because of the failure of the town
to obtain or grant authority with respect to one or more of
these matters.  But it would be unreasonable to hold that
the town could not exercise the power of eminent domain
until all steps necessary to the carrying out of the projects
had been taken.  See *State* v. *Centralia-Chehalis Electric
Railway & Power Co.* 42 Wash. 632, 638.  The exception
to the challenged ruling must be overruled.

Relying on *Smith* v. *Board of Appeals of Fall River,* 319
Mass. 341, the demandant next contends that § 6 (f) of
the zoning by-law is invalid in that it confers uncontrolled
discretion on the board of appeals and that the judge erred
in ruling that it was valid.  We do not agree.  That section
authorizes the board to permit municipal and other desig-
nated uses in any district, provided the board rules "that
such use is not detrimental or injurious to the neighbor-
hood . . . ."  By § 6 (i) it is further provided that "In
issuing any permit respecting a special . . . use provided
for herein, the Board of Appeals may impose such safe-
guards, conditions and limitations pertaining to the use in
question as may, in the reasonable opinion of the members
of said Board, be necessary or advisable to prevent such
permitted use from being either. detrimental or injurious to
the neighborhood or to the value of any property within
the neighborhood, or to prevent such permitted use from
substantially derogating from the purpose of this By-Law
. . . ."  There is also the provision in § 8 (c) that "The
Board of Appeals designated by Section twenty-seven of
Chapter forty of the General Laws shall act on all matters
within its jurisdiction under this by-law in the manner pre-
scribed by Section twenty-seven A of said chapter and *sub-
ject always to the rule that due consideration shall be given to
conserving the public health, safety, convenience, welfare, and
property values*" (emphasis supplied).  We are of opinion
that these sections provide adequate standards for the
board's guidance and authorize it to "hear and decide
requests for special permits" within the meaning of G. L.

(Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1. The cases at bar fall within the authority of *Lexington* v. *Govenar*, 295 Mass. 31, 34–35, *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 225, 227, *Building Commissioner of Medford* v. *C. & H. Co.* 319 Mass. 273, 281–282, and *Carson* v. *Board of Appeals of Lexington*, 321 Mass. 649, 654, rather than *Smith* v. *Board of Appeals of Fall River*, 319 Mass. 341.

In arriving at the foregoing conclusions we have attached no importance to the statement in the record (agreed to by the parties but which was included in the facts submitted to the judge subject to the demandant's exception) that it was "the policy of the Board of Appeals in any case of an application for a non-conforming use under Section 6 of the zoning law, where the erection of a building for a use not permitted under the zoning law is involved, to require building plans or drawings indicating the type and general character of the building before any application will be granted." There being no dispute on the facts, the matters for decision in the court below and here are questions of law arising out of the rulings discussed above, the answers to which do not depend on the statement just quoted. It is unnecessary to decide whether the judge erred in ruling that it be included in the facts submitted to him, for its inclusion did not harm the demandant.

The entry in each case must be

*Exceptions overruled.*