RETTA H. LAWRENCE & others *vs.* BOARD OF APPEALS OF LYNN & others.

Essex.    March 5, 1957. — May 13, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Zoning.   Permit.   Equity Pleading and Practice,* Zoning appeal.

A provision of a city's zoning ordinance, authorizing the board of appeals "in specific cases" where the public convenience and welfare would be served and the status of the neighborhood would be improved by the "exception" to "determine and vary the application of" the zoning regulations in certain classes of districts by granting "permits" for use of premises for funeral homes, contemplated a special permit in accordance with an exception pursuant to G. L. (Ter. Ed.) c. 40A, §§ 4, 15, inserted by St. 1954, c. 368, § 2, and not a variance. [89]

In a suit in equity under § 21 of G. L. (Ter. Ed.) c. 40A, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision by a zoning board of appeals granting a special permit in accordance with an exception under §§ 4, 15, the hearing in the Superior Court is de novo and the judge finds the facts on the evidence heard by him and determines the legal validity of the board's decision on the basis of those facts. [89]

The validity of a decision of the zoning board of appeals of a city granting a special permit for use of premises in accordance with an exception set forth in the zoning ordinance under the authority of G. L. (Ter. Ed.) c. 40A, § 4, inserted by St. 1954, c. 368, § 2, turned on whether the "general or specific rules" contained in the ordinance and to which exceptions were subject had been properly applied. [90]

In a suit in equity by way of appeal from a decision by the zoning board of appeals of a city granting a special permit for use of premises in a single residence zoning district for a funeral home purportedly under

an exception in the zoning ordinance authorizing such a permit "where such exception will tend to improve the status of the neighborhood," the record did not support conclusions that a large, ten room, one family dwelling on the premises would "remain unoccupied and unsold until it became unsightly or a derelict in the neighborhood" and that "the status of the neighborhood would be improved by the establishment of a well-kept funeral home." [91–92]

Whether an exercise of judgment by a zoning board of appeals acting under a provision of a zoning ordinance authorizing it to grant special permits in accordance with exceptions in the ordinance "when in its judgment the public convenience and welfare will be substantially served" was reasonable or arbitrary was subject to review in a suit in equity under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, by way of appeal from the decision of the board. [92]

In a suit in equity under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision of a zoning board of appeals granting a special permit, this court, upon determining that a final decree sustaining the action of the board was not proper on the record, in the circumstances merely reversed the decree in order that there might be a determination of the relevant facts on a new trial. [93]

BILL IN EQUITY, filed in the Superior Court on May 11, 1956.

The suit was heard by *Morton, J.*

*Israel Bloch,* for the plaintiffs.

*John M. Fogarty,* for the defendants Ahern, (*William F. Weber,* City Solicitor, for board of appeals of Lynn, with him).

WHITTEMORE, J. This is the plaintiffs' appeal from a decree of the Superior Court which sustained the decision of the defendant board of appeals of Lynn in granting to the defendants Walter F. and Catherine A. Ahern a permit to use an existing one family dwelling at 444 Broadway, at Virginia Terrace, in a single residence district under the local zone ordinance, as a funeral home and for the services incident thereto. The plaintiffs are residents and landowners in the neighborhood, particularly on Virginia Terrace, a narrow, dead end street. The evidence is reported.

Section 4 of the zone ordinance provides that permitted uses in single residence districts include "subject to provisions of Section 23, paragraph H, funeral homes and serv-

ices incident thereto." Section 23 provides that "When in its judgment the public convenience and welfare will be substantially served, and where such exception will tend to improve the status of the neighborhood, the Board of Appeals may on petition, after public notice, a hearing, and subject to such appropriate conditions and safeguards as it may impose, in specific cases determine and vary the application of the district regulation[s] herein established in harmony with their general purpose and intent as follows: . . . (h) Grant permits for use of any building or dwelling in single residence, general residence, apartment house and restricted type apartment house districts for funeral homes and services incident thereto."

This provision, in the form of the statement of the criteria for action, is similar to that before the court in *Carson* v. *Board of Appeals of Lexington*, 321 Mass. 649, 652. As we there pointed out, the case under such an ordinance or by-law is not one for a variance. The application to the board of appeals is for a permit under an exception which the ordinance or by-law has created. G. L. (Ter. Ed.) c. 40A,[1] §§ 4, 15. *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114, 117–118.

The rule that the judge in the Superior Court is to hear the matter de novo and determine the legal validity of the decision of the board upon the facts found by him, G. L. (Ter. Ed.) c. 40A, § 21, *Bicknell Realty Co.* v. *Board of Appeal of Boston*, 330 Mass. 676, 679, *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 558–559, applies equally to cases like this where review is sought of action in respect of a special permit. *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114, 118–119. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224. *Carson* v. *Board of Appeals of Lexington*, 321 Mass. 649. *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence*, 324 Mass. 433.

But the stated criteria for determining the validity of the action of the board are not the same as in the case of an

[1] Inserted by St. 1954, c. 368, § 2.

application for a variance and the relevant facts are fewer. In contrast to the severe statutory limitations on the exercise of the variance power (c. 40A, § 15) the only statutory limitations on exceptions are that they "shall be applicable to all of the districts of a particular class and of a character set forth" in the ordinance or by-law and "shall be in harmony with . . . [its] general purpose and intent" (c. 40A, § 4). The local discretion is emphasized in the statutory permissions that such an exception "may be subject to general or specific rules . . . contained [in the ordinance or by-law]" and that the "board of appeals . . . may, in appropriate cases and subject to appropriate conditions and safeguards, grant . . . a special permit . . . in accordance with such an exception."

Under this statutory authority and the particular ordinance the legal validity of the decision of the board turns on whether the applicable "general or specific rules" have been properly applied.

The judge in the Superior Court found facts which are supported in the evidence as follows: The house is a large one, of ten rooms, "really too large for a single residence, except under unusual circumstances . . .." The Aherns will occupy as a residence the upper part of the house and there will be no substantial structural change in the building. There will be an increase in traffic and of vehicles and people in the neighborhood. There are twenty-six children of tender age living in the residences on Virginia Terrace. A funeral home will adversely affect real estate values. "[T]here is always the question of the hazards of increased traffic." He noted that in these aspects the funeral home would not tend to improve the status of the neighborhood, but observed also that those adverse factors apply to the coming of any funeral home anywhere and ruled that such factors could not be determinative for if they were there would be no sense in the provision of the zone ordinance allowing funeral homes in residence districts. He concluded, "I find that the board acted within its rights in granting the application, in view of the somewhat peculiar situation of

this property, as hereinbefore set forth.  In addition thereto, the property situated on Broadway is fairly adjacent to a business district, a bank and a supermarket.  On the whole, it seems to me that the board was warranted in finding that the status of the neighborhood would be improved by the establishment of a well-kept funeral home, rather than having the locus remain unoccupied and unsold until it became unsightly or a derelict in the neighborhood."

The additional relevant facts shown on the evidence are these: Broadway is a wide street with much traffic but the traffic thereon is lightest at the time when services in the funeral home will normally be conducted.  There will be no noise from a funeral home.  "Better than ninety-five per cent" of funerals "are held from funeral homes today." There are twenty-one such in Lynn.  The nearest one is seven tenths of a mile away.  From the photographs in evidence it can be reasonably concluded that the house was built some decades ago, and that the density of population near by is substantial.

1. The facts found and shown are insufficient to support the conclusion of the judge that "the board was warranted in finding that the status of the neighborhood would be improved" by the change.  The alternative to test this is not whether a greater improvement would have resulted if there had been a change, by permit, to a two family house, as § 23 of the ordinance authorized, or to some other possible alternative also requiring a permit.  The alternative is between the probable character of the neighborhood if the permit should not be granted and its character with a funeral home.  It was not essential therefore to show that a change to a two family house was not feasible.[1]  But the findings and the evidence do not support the conclusion that the "locus [will] remain unoccupied and unsold until it . . . [becomes] unsightly or a derelict in the neighborhood." The only suggestion of this is in the finding, and the supporting evidence therefor, that "the house is really too large

---

[1] We find on the record no express evidence to support the finding that "the cost of converting it into a two family house would be prohibitive."

for a single residence, except under unusual circumstances."[1] There is no showing that there is not such a demand in Lynn for single residences for large families that the house could not be sold and used for a single family residence. The photographs do not show an obviously obsolete mansion. We see no evidence sustaining the implication of the finding that the house "has been on the market . . . for some time, and the respondents Ahern finally . . . bought the locus . . . ." In the absence of evidence reasonably supporting the view that the house will become run down there is nothing to show a factor to offset the adverse effect of a funeral home on the status of the neighborhood, which the judge has expressly found to exist. There is doubtless the possibility that the house will become a derelict, but this cannot be guessed at. Some evidence to support the probability is required. The findings of the board in its decision do not serve as evidence. *Devine* v. *Zoning Board of Appeals of Lynn*, 332 Mass. 319, 321.

2. The trial judge made his findings and rulings with express reference only to the provision of the ordinance that the exception must "tend to improve the status of the neighborhood." His only reference to the other requirement in the ordinance is in these words, "In granting the permit, the board of appeals in its judgment decided that the public convenience and welfare would be substantially served by such action. It remains to construe the words of the zoning ordinance [as to improving status]." So far as this was a ruling that the decision of the board in this respect was not subject to review it was in error. The provision of the ordinance that the determination that "public convenience and welfare will be substantially served" is to be by the board "in its judgment" does not exempt the exercise of that judgment from review on appeal. *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555. See *Carson* v. *Board of Appeals of Lexington*, 321 Mass. 649, 654–655.

---

[1] The evidence as to "unusual circumstances" was this: "THE JUDGE: Too large for a single family except as they used to be, isn't it? THE WITNESS: Yes, sir. THE JUDGE: Unless you have eight, nine, or ten children, probably. . . ."

This is true even though the ordinance or by-law states few or no express standards for the exercise of judgment. *Burnham* v. *Board of Appeals of Gloucester,* 333 Mass. 114.

Perhaps on the evidence it could be ruled that the board did not exceed its authority, that is, act unreasonably, in determining that public convenience and necessity would be served. Supporting facts in the evidence include the facts that funeral homes are now a community necessity, that 444 Broadway is in several aspects a reasonable place for one, that the zone ordinance itself recognizes that such uses belong in single residence districts, that many people live near by, and that the nearest funeral home is seven tenths of a mile away. But there is no evidence from which it can be concluded that there is a demand for funeral homes not fully served by existing such facilities, and in view of the error in the other aspect of the case which is controlling and the absence of an express ruling below on this point, we prefer not to rule on the issue.

3. We have considered the other points made by the plaintiffs and find no error.

4. In cases where we have found error in the decree of the Superior Court upholding the action of the board of appeals we have commonly directed that a decree be entered below that the decision of the board of appeals was in excess of its authority and is annulled. See G. L. (Ter. Ed.) c. 40A, § 21; *Blackman* v. *Board of Appeals of Barnstable,* 334 Mass. 446, 451; *Atherton* v. *Board of Appeals of Bourne,* 334 Mass. 451, 455; *Spaulding* v. *Board of Appeals of Leicester,* 334 Mass. 688, 692. We think that in this case, however, justice will be served by a determination of the relevant facts in the Superior Court on another trial and to that end the entry will be

*Final decree reversed.*