CLEDITH G. MALCOMB & another vs. BOARD OF APPEALS OF SOUTHBOROUGH & others. May 2, 1972. Malcomb and his wife appealed (G. L. c. 40A, § 21) from a majority decision (four to one) of the town's board of appeals (the board) granting a permit (G. L. c. 40A, § 4) for the use as a gasoline station of land (the locus) in a business district on Boston Road. The zoning by-law, § IV, 4 (a), allows by special permit the construction of such a station "if determined by the [b]oard . . . to be neither detrimental nor offensive to the neighborhood." A Superior Court judge found that the locus, although in a business zone, is in a "neighborhood . . . residential in character" which "is sparsely settled and rural." This finding is supported by maps and photographs. The only buildings in the immediate area

are single family houses, behind the locus on another street, and the residences (on the other side of Boston Road) of the applicants for the permit and of the Malcombs. The locus is now used as a retail merchandise outlet and, until 1954, had been used for the sale of eggs, milk, and produce. The judge also found that "public convenience does not require . . . a gasoline station in this area," that to have one would reduce "the property value of the abutters and . . . the neighborhood, and that the only benefit" would be to the owners of the locus, who can sell it to "a major gasoline company only if" the permit is granted. He concluded, applying the by-law test, that the proposed use would be "offensive or detrimental to the neighborhood." By final decree, it was directed that the permit be annulled. The board, under such a by-law, has an area of discretion to deny a permit (see *Gulf Oil Corp.* v. *Board of Appeals of Framingham*, 355 Mass. 275, 277–278), and, if ascertainable standards are observed, to grant one. See *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114, 116–160. See also *Y. D. Dugout, Inc.* v. *Board of Appeals of Canton*, 357 Mass. 25, 30–31. On the facts found, we are of opinion that the judge could not properly conclude that the board's action was beyond its reasonable range of authority, and thus arbitrary and capricious. The decree is reversed. A new decree is to be entered declaring that the board did not exceed its authority and that no modification of its decision is required.

*So ordered.*

*Thomas W. Callahan*, for Victor Rossi & another, submitted a brief.