JOHN J. BLACKMAN & others *vs.* BOARD OF APPEALS OF BARNSTABLE & another.

Barnstable.   May 8, 1956. — July 20, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning.   Equity Pleading and Practice,* Zoning appeal, Findings by judge.

In a suit in equity under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision of a zoning board of appeals granting a variance, it was error to enter a decree sustaining the board's decision where the findings of the judge were merely that the board "acted in good faith, and that its decision was not arbitrary, inconsistent or unreasonable." [449–450]

A zoning variance cannot be granted under G. L. (Ter. Ed.) c. 40A, § 15, inserted by St. 1954, c. 368, § 2, unless all of the prerequisites stated in the statute are established. [450]

Evidence respecting a tract of seashore land located in a residential zoning district in a town, rightfully useable as a commercial parking lot with a hard surface, and fronting on an excellent bathing beach, with residences near by on two sides and on the other side an area containing commercial or municipal bath houses, parking areas and restaurants, would not support a finding of "substantial hardship" to the owner of such tract from a "literal enforcement" of the town's zoning by-law as would be required by G. L. (Ter. Ed.) c. 40A, § 15, inserted by St. 1954, c. 368, § 2, for a variance permitting the construction of a commercial bath house and toilet facilities on the tract. [450]

BILL IN EQUITY, filed in the Superior Court on October 13, 1954.

The suit was heard by *Beaudreau*, J.

*J. Blake Thaxter, Jr., (Irving H. Beckwith* with him,) for the plaintiffs.

*Kenneth E. Wilson,* for the defendants.

SPALDING, J. This is a bill in equity under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, by way of appeal from a decision of the board of appeals granting a variance for the erection of a bath house for commercial purposes at Craigville Beach. The bill is brought by three owners of residential property abutting the area in question. One Pendergast, the owner of the property involved, was permitted to intervene. The judge entered a decree to the effect that the board of appeals did not exceed its authority in granting the variance. From this decree the plaintiffs appealed. The evidence is reported.

The area in question, which is located in a residential zone, consists of a parcel of eight acres and has a frontage on the ocean of approximately seven hundred twenty feet. To the east and north of the area are residences, most of which are occupied only in the summer. The area is bounded on the west by a commercial bath house where food is sold. Beyond this bath house to the west there are other properties devoted to commercial purposes consisting of bath houses, restaurants and parking areas. Also to the

west there is a public beach with bath house and parking area owned and operated by the town of Barnstable. The commercial uses described above existed prior to 1950, when the zoning by-law here involved was adopted, and have been continued as nonconforming uses. Craigville Beach, on which the area is located, is excellent for bathing and is extensively used for this purpose during the summer months.

In 1952, Pendergast, the owner of the area, applied for and was granted a variance allowing him to place a hard surface on the property and to use it as a commercial parking space. Under the terms of the variance all other activities were forbidden.[1]

In 1953 Pendergast applied for a variance to permit him to erect a commercial bath house on the area. The board of appeals refused to grant the variance on the ground that it would "effect substantial detriment to the public good." On appeal to this court the decision of the board was upheld. *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555. Shortly after the decision in that case Pendergast again applied for a variance to permit the construction of a bath house and toilet facilities on the area. The matter was considered by the planning board of the town and it made a recommendation to the board of appeals that the variance be granted. Thereafter, after a hearing, the board of appeals rendered a decision granting the variance, subject to certain restrictions.[2] It is this decision from which the present proceedings arise. The foregoing facts are not in dispute. The principal controversy at the hearing in the Superior Court related to such matters as the need and desirability for the variance and its effect on property near by.

The decree of the Superior Court was erroneous.

The judge voluntarily filed a document entitled "Finding, Ruling, and Order for Decree" in which he stated, "I

---

[1] It appears that Pendergast acquired the area after the zoning by-law became effective.

[2] The restrictions are: "1. The building to be constructed on the westerly end of the lot, about ten feet from the adjoining business property line. 2. No sale of food or merchandise of any kind to be allowed on the building or property. 3. Hours of operation not to exceed nine hours each day."

find and rule that the board of appeals for the town of Barnstable acted in good faith within its statutory powers and that its decision was not arbitrary, inconsistent or unreasonable." There were no other findings. The plaintiffs then requested a report of material facts and the judge reported as follows: "The material facts upon which my Finding, Ruling, and Order for Decree was made were based upon the testimony that I heard from all the witnesses in the case, and I found on that testimony that the board . . . acted in good faith, and that its decision was not arbitrary, inconsistent or unreasonable." These findings afford no basis for the decree entered below. In a series of recent decisions the nature of the appeal in cases of this sort has been fully set forth. "It is now plain that it is the duty of the judge to determine the facts for himself upon the evidence introduced before him and then to apply the governing principles of law and, having settled the facts and the law, to inspect the decision of the board and enter such decree as justice and equity may require in accordance with his determination of the law and facts." *Devine* v. *Zoning Board of Appeals of Lynn,* 332 Mass. 319, 321. *Bicknell Realty Co.* v. *Board of Appeal of Boston,* 330 Mass. 676. *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 558–559. These decisions construed other statutes, but what is there said is applicable to the similarly worded provisions of c. 40A, § 21, which govern the case at bar.

The findings of the judge here do not meet these requirements. All that they reveal are that the board of appeals "acted in good faith, and that its decision was not arbitrary, inconsistent or unreasonable." More than that must be found in order to justify the granting of a variance. A board of appeals is authorized to grant a variance "where, owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship to the appellant, and where desirable relief may be

granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise." G. L. (Ter. Ed.) c. 40A, § 15. It will be noted that under these provisions there are several prerequisites to the granting of a variance. These are stated conjunctively and not disjunctively. A failure to establish any one of them is fatal; yet in the report of material facts here not one of them has been found by the judge. This statute is not complied with merely by a finding that the board acted in good faith and that its decision was not arbitrary or unreasonable.

Furthermore we think that the evidence would not support a finding that would satisfy the statute. One of the requirements is that, owing to conditions especially affecting such parcel but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the by-law "would involve substantial hardship to the appellant." Here there was no evidence that would justify a finding of hardship within the meaning of these provisions. The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public. *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 438. This court has said repeatedly that the power to vary the application of a zoning ordinance must be "sparingly exercised and only in rare instances and under exceptional circumstances peculiar in their nature, and with due regard to the main purpose of a zoning ordinance to preserve the property rights of others." *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, 448. *Tanzilli* v. *Casassa,* 324 Mass. 113, 116–117. *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 439, and cases cited. At most the evidence shows merely that the granting of a variance would be more advantageous to Pendergast than the present use would be. If the zoning by-law imposes a burden, it is one commonly shared by others in the district.

The board of appeals seems to have proceeded on the theory that toilet facilities on the area were desirable, if not necessary — and evidential support for this view is not lacking — and that if a variance were granted to permit such facilities it would only be fair to take the additional step and extend the variance to include a bath house. If this philosophy were to prevail in the granting of variances there would soon be an end to effective zoning. The rule laid down by the by-law or ordinance would be swallowed by the exceptions. As we said in *Real Properties, Inc.* v. *Board of Appeal of Boston*, 319 Mass. 180, 184, "A district has to end somewhere. Care should be taken lest the boundaries of a residence district be pared down in successive proceedings granting variances to owners who from time to time through such proceedings find their respective properties abutting upon premises newly devoted to business purposes."

The final decree is reversed and a decree is to be entered that the decision of the board of appeals of the town of Barnstable was in excess of its authority and is annulled; and that the clerk of court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of said town.

*So ordered.*