GEORGE D. SULLIVAN & another *vs.* BOARD OF APPEALS
OF CANTON & others.

Norfolk.    October 4, 1962. — November 6, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Zoning,* Variance.  *Evidence,* Burden of going forward.  *Equity Pleading
and Practice,* Zoning appeal.

In a suit in equity by way of appeal to the Superior Court under G. L.
c. 40A, § 21, from a decision of a board of appeals granting a zoning
variance, a decree sustaining the board's decision could not stand where
the judge did not find the existence of one of the prerequisites of a
variance stated in § 15 (3) and the evidence heard by him and reported
did not justify a finding thereof, even though the board had found it.
[119]
At the trial of a suit in equity by way of appeal to the Superior Court
under G. L. c. 40A, § 21, from a decision of a board of appeals granting
a variance under § 15 (3), the burden rests upon the applicant for the
variance and upon the board to go forward with evidence that the statu-
tory prerequisites for the granting of a variance have been met and that
the variance is justified.   [120]

BILL IN EQUITY filed in the Superior Court on July 15,
1960.

The plaintiffs appealed from a final decree entered after
hearing by *Dewing,* J.

*George D. Sullivan* pro se.

*Bernard G. Sykes* for the defendants Falls.

SPALDING, J.   This is a bill in equity under G. L. c. 40A,
§ 21, inserted by St. 1954, c. 368, § 2, as amended, by way of
appeal from a decision of the board of appeals of the town
of Canton granting a variance to Robert A. Falls and his
wife, hereinafter called the applicants.  The evidence is
reported and the judge made a report of material facts.

The applicants, in 1951, purchased a parcel of land in
Canton, which was located in a general residence C district
where two family houses were permitted.  The area of the

locus was 24,800 square feet; it had a frontage on Mechanic Street of 181.5 feet. When they acquired the property there was a single family dwelling on it. There are many two family houses near by and many of the lots in the vicinity are less than 10,000 feet in area. In May, 1960, the zoning by-law of the town was changed whereby the locus was placed in a single residence B district. This district is approximately 100 feet from a general residence C district. In a B district the lot requirement is 15,000 feet and the setback requirement is 30 feet. Prior to the zoning change the applicants sought and were granted a permit to build a two family house on the locus. Work was commenced under the permit but later the applicants were told by the town's building inspector to cease work. At that time an excavation for the cellar had been made and the foundation walls had been built.

Thereafter the applicants petitioned the board of appeals for a variance which would enable them to complete the two family house on the locus. After a hearing the board of appeals rendered a decision granting a variance. Under the board's decision the locus was to be divided so that the existing single family house would be on a lot with an area of 9,800 square feet and a frontage of 81.5 feet. On the remainder of the locus, consisting of 15,000 square feet (the required amount in a single residence B district), permission was granted for the construction of a two family house. The width of this lot "through building" is 100 feet, whereas the zoning requirement in a single residence B district is 115 feet. The setback requirement in such a district is 30 feet but the proposed house was to have a setback of 25.6 feet.[1]

The judge found that in granting the variance the board of appeals was not arbitrary; that the denial of a variance would cause considerable hardship to the applicants; and that the variance would enable them to make "the most

---

[1] Neither the decision of the board of appeals nor that of the trial judge discusses the setback aspect of the case. Both decisions would appear to be concerned solely with the "lot width through building" requirement.

advantageous use of their property without causing substantial detriment to the public good and without nullifying or substantially derogating from the intent and purpose of the Zoning By-Law." He concluded that the decision of the board of appeals was within its jurisdiction and that no modification of it was required. From a decree in accordance with this ruling, the plaintiffs, who are the owners of property directly opposite the locus, appealed.

It is settled that, before a variance may be granted, all the requirements of G. L. c. 40A, § 15, as amended through St. 1958, c. 381, must be met. *Blackman* v. *Board of Appeals of Barnstable,* 334 Mass. 446, 450. *Atherton* v. *Board of Appeals of Bourne,* 334 Mass. 451, 454. *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 595. One of the provisions of § 15 is that a variance may be granted only where, "owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant." The board of appeals found that this requirement had been satisfied. Indeed, without such a finding it could not have granted the variance. *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455. But there is no finding to that effect by the judge; he was required to "determine the facts for himself." *Devine* v. *Zoning Bd. of Appeals of Lynn,* 332 Mass. 319, 321. The lack of such a finding is fatal to the decree (*Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593) unless, since the evidence is reported, the finding can be supplied by us. See *Matter of Loeb,* 315 Mass. 191, 195. From an examination of the evidence, we are of opinion that no such finding can be made and had the judge made the omitted finding it would have lacked evidential support. The decree, therefore, cannot stand.

We are of opinion, however, that this is not an appropriate case in which to order the entry of a decree annulling the decision of the board of appeals. The case appears to have been tried on the theory that the plaintiffs had the

burden of going forward with the evidence to show that the statutory prerequisites to the granting of the variance had not been met. Very little evidence was introduced by either the board or the applicants. This was understandable, for at that time the question of burden of proof had never been discussed in any of our decisions. But in the very recent case of *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555–556, the question of who had the burden of going forward with respect to the statutory prerequisites was carefully considered, and it was said that the "burden rests upon the person seeking a variance and the board ordering a variance to produce evidence at the hearing in the Superior Court that the statutory prerequisites have been met and that the variance is justified." Pp. 555–556. In view of the uncertainty in the law hitherto existing, the case ought to be further heard so that those having the burden of going forward under the above stated rule will have an opportunity to introduce evidence as to whether, "owing to conditions especially affecting" the locus and "not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the . . . by-law would involve substantial hardship, financial or otherwise," to the applicants.

The decree is reversed and the case is to stand for further hearing in conformity with this opinion.

*So ordered.*