Margaret T. Twomey *vs.* Board of Appeals of
Worcester & others.

Worcester. April 9, 1964. — June 24, 1964.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter,
& Reardon, JJ.

*Zoning,* Variance.

In a suit in equity by way of appeal to the Superior Court from a decision
of a municipal board of appeals granting a zoning variance permitting
the conversion and use in a residential district of an unrented basement
apartment in an apartment building for the storage of furs and cloth-
ing, the decision must be annulled for want of compliance with all the
requirements of G. L. c. 40A, § 15, cl. 3, where, although the judge
found "financial hardship," he did not find, and reported evidence did
not warrant a finding, that the conditions affecting such building did
not affect "generally" the zoning district in which it was located.

Bill in equity filed in the Superior Court on August 8,
1962.

The suit was heard by *Noonan,* J.

*Santo Furfari* for the plaintiff.

*Vartkis Paghigian* for the defendants.

Reardon, J. This is an appeal from a decree of the Su-
perior Court dismissing the plaintiff's bill of complaint.
In her bill the plaintiff claims to be aggrieved by a decision
of the board of appeals of the city of Worcester (board)
which permitted a variance in the zoning ordinance of that
city with respect to land situated at 19 Orchard Street and
zoned Residence "C." No business use is permitted in a
Residence "C" district. The plaintiff owns property at
21 Orchard Street, adjoining that of the defendants Rose
and Araxy Barsamian. Each of the properties consists of
land and an apartment building. The Barsamians sought
a variance in order to convert a basement apartment in
their building for the purpose of storing furs and clothing
during the summer months. The decision of the board per-

mitted the variance and the conversion with certain provisions as to structural changes. The Barsamians claimed financial hardship resulting from their inability to rent the basement apartment for the six years preceding the hearing before the trial judge.

The trial judge made a report of material facts and the evidence is reported.

Before a variance may be granted all of the requirements of G. L. c. 40A, § 15, cl. 3,[1] must be met. *Sullivan* v. *Board of Appeals of Canton,* 345 Mass. 117, 119, and cases cited. While the board found that these were met, the judge found in so far as is relevant only that (1) "[f]ailure to find a tenant for this basement apartment has worked a financial hardship on the defendants"; and (2) the decision of the board "to permit the defendants to maintain the property for the use stated therein, does not constitute a danger or a menace to the health, safety, comfort and convenience and general welfare of the public and the community." The judge failed to find (see *id.*) that there were "conditions especially affecting . . . such building but not affecting generally the zoning district in which it is located." Where, however, the evidence is reported, we may supply the omitted finding if there is evidential support for it. *Id.* But here the evidence does not establish that the conditions affecting the Barsamian property do not affect the zoning district generally. The final decree must therefore be reversed and a decree entered that the decision of the board of appeals of the city of Worcester was in excess of its authority and is annulled.

*So ordered.*

---

[1] That provision permits a variance only where "owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance . . . would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance . . . but not otherwise."