ROBERT F. SMITH & another *vs.* ZONING BOARD OF
APPEALS OF SCITUATE & others
(and a companion case between the same parties).

Plymouth.   April 9, 1964. — July 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Zoning,* Variance. *Equity Pleading and Practice,* Zoning appeal. *Evidence,* Burden of going forward.

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals granting a variance, the decision cannot be upheld unless all the prerequisites of a variance stated in § 15 (3) are established de novo. [758]

Where a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals granting a variance was heard on a statement of agreed facts, it was incumbent upon the applicant for the variance and the board to cause the agreed facts to show the existence of all the prerequisites of a variance stated in § 15 (3). [758–759]

If a dwelling was improperly constructed nearer to the line of a way than was permitted by the local zoning by-law, large expense involved in moving the dwelling to the required setback would not show the "hardship" which under G. L. c. 40A, § 15 (3), must be shown in order to grant a variance allowing the dwelling to remain where it was built. [759]

The mere fact that locating a new dwelling on a lot at the setback from a way required by the local zoning by-law instead of at a place nearer the way would involve "an additional cost for extra fill and additional driveway of less than" $500 would not show the "substantial hardship, financial or otherwise," "owing to conditions especially affecting" the lot required by G. L. c. 40A, § 15 (3), to exist in order to grant a variance allowing the erection of the dwelling at the place nearer the way. [759]

A decision of a zoning board of appeals granting a variance should be annulled if the purpose for which the variance was sought was a permitted purpose under the zoning by-law so that a variance was unnecessary. [759]

TWO BILLS IN EQUITY filed in the Superior Court on November 2, 1962, and November 9, 1962, respectively.

The suits were heard by *Tomasello, J.*

*Eugene L. Tougas* for the plaintiffs.

*Alfred C. Blake,* Town Counsel, for the Zoning Board of Appeals of Scituate, and *Robert J. Geogan,* for Edward R. Mayer & another, submitted briefs.

REARDON, J.   These are bills in equity under G. L. c. 40A, § 21, by way of appeal from decisions of the zoning board of appeals of the town of Scituate (zoning board).   Edward M. Sexton, the town building inspector, was permitted to intervene in both suits.   The suits were heard upon a statement of agreed facts.   The plaintiffs, Robert and Dorothea Smith (the Smiths), appealed from the decree in each suit.

In 1959 Edward and Caroline Mayer (the Mayers) purchased a lot at 112 Neal Gate Street in Scituate.   At the same time they acquired a right of way over a 50 foot strip adjacent to the southeasterly boundary of that lot and running northeasterly from Neal Gate Street.   Subsequently the Smiths purchased a large tract of land contiguous to and mainly to the northeast of the Mayer property but which included the 50 foot strip over which the Mayers had an easement.   In January, 1961, the Smiths filed for approval with the town planning board a subdivision plan of their land upon which the 50 foot strip was shown as part of a proposed street of the same width, Roundtree Drive. The street was to serve fourteen proposed residential lots. A public hearing was held at which the Mayers objected to the plan.   Final approval, however, was given on April 4, 1961, and the plan was filed in the Plymouth registry of deeds on June 7, 1961.

On August 22, 1961, Edward Mayer made application to Sexton for a permit to build on the Mayer property a single residence with attached garage.   The plot plan submitted by him located the extremity of the garage fifteen feet away from the southeasterly property line.   "The plan shows the location of the easement which is appurtenant to the Mayer property, but does not indicate that the southeasterly line of the Mayer property is also the northwesterly line of Roundtree Drive as shown on the Smith subdivision

plan." "[H]aving no knowledge that the Smith subdivision and the way shown on the plan were in fact adjacent to the Mayer land," Sexton issued a permit. Construction of the house and garage was substantially completed by the latter part of December, 1961. At that time Sexton received a telephone call alleging that the Mayers were in violation of § 5-3 of the Scituate zoning by-laws, which provides in material part: "no building shall . . . be erected on its lot . . . within thirty (30) feet of the exterior lines of any . . . street or way; or nearer to the side lines of its lot than . . . [fifteen feet in the Mayer zone]." Sexton's investigation revealed the garage to be fifteen feet away from the proposed Roundtree Drive. He then ordered the Mayers to move their building unless a variance could be secured. The Mayers appealed from this order to the zoning board and also sought a variance. On September 11, 1962, the planning board voted to suspend temporarily the approval previously given to the Roundtree Drive subdivision plan, and as a result the zoning board by a decision filed on October 15, 1962, denied both the appeal from the enforcement order and the variance requested for the reason that the Mayers were not in violation of the zoning by-laws. However, upon receipt of advice from town counsel that there is no provision for the temporary suspension of an approved subdivision plan and that the action of the planning board was therefore void, the zoning board by a decision filed on October 24, 1962, withdrew its earlier decision and granted a variance to the Mayers permitting their dwelling with attached garage to remain only fifteen feet away from the proposed Roundtree Drive.

The first bill in equity is by way of appeal from the earlier zoning board decision on the ground that the temporary suspension of the subdivision plan was of no effect. The Superior Court in a final decree ruled that the earlier decision had been properly withdrawn. While the plaintiffs took an appeal from that decree, they have not presented any argument on the subject of the withdrawal. We therefore treat their appeal from the decree as waived.

The second bill in equity is by way of appeal from the later zoning board decision on the ground that the grant of the variance was invalid.   The decree of the Superior Court in the second suit upheld the grant of the variance.

"At the time that the Mayers applied for the building permit, their building could have been located fifteen feet further from their southeasterly lot line at an additional cost for extra fill and additional driveway of less than $500.00.   At the time that . . . Sexton's initial complaint was made to them, however, the building could not have been moved fifteen feet further from the lot line without an expense in excess of $5,000.00."

As has been repeatedly stated, before a variance may be granted all the requirements of G. L. c. 40A, § 15, cl. 3, must be met.   *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161, and cases cited.   *Twomey* v. *Board of Appeals of Worcester, ante,* 684, 685.   Those requirements permit a variance only where "owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the . . . by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such . . . by-law, but not otherwise."   We need not pause to decide whether, as is required, the zoning board found that each of the statutory prerequisites exists. *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455, 457.

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals granting a variance, the existence of all the statutory prerequisites must be established de novo.   In the second of the present suits, therefore, the decree cannot stand unless the existence of all the statutory prerequisites is shown by the agreed facts.   *Sullivan* v. *Board of Appeals of Canton,* 345 Mass. 117, 119.   *Twomey* v. *Board of Appeals of Worcester, ante,* 684, 685.   Compare *Ferrante* v. *Board of Appeals of*

*Northampton,* 345 Mass. 158, 161. And since "the burden rests upon the person seeking a variance and the board ordering a variance to produce evidence at the hearing in the Superior Court that the statutory prerequisites have been met and that the variance is justified" (*Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555–556), in this instance it was the responsibility of the Mayers and the zoning board to incorporate in the agreed statement facts sufficient to support the decree.

We are of opinion that there is no support in the agreed facts for a finding that a literal enforcement of the zoning by-laws would involve substantial hardship to the Mayers. The facts on this issue are: (1) the house could have been initially built thirty feet from Roundtree Drive "at an additional cost for extra fill and additional driveway of less than $500.00"; and (2) to move it to a proper setback position at the time of Sexton's initial complaint would have cost "in excess of $5,000.00." The second fact is not relevant because hardship incident to correcting a structure which was built in violation of the zoning by-laws "cannot be made a fulcrum to lift" the restrictions imposed by these by-laws. *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 750. *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161. The first fact establishes that a portion of the sum of less than $500 would have been expended for the extra fifteen feet of driveway. This portion would not be an expense "owing to conditions especially affecting such parcel" (G. L. c. 40A, § 15, cl. 3; see *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 338 Mass. 160, 165–166), and is therefore not relevant. And an expenditure for fill alone of a sum which is less than $500 but otherwise undetermined and wholly speculative in amount is not support for a finding of substantial hardship.

The Mayers argue that "a 'paper street,' even though shown on an approved subdivision plan, is not a street or way within the meaning of the Scituate zoning by-law." Were this contention correct there would be neither need nor justification for the granting of a variance, and the final decree in issue would be erroneous on a further ground.

In the first suit the entry will be: appeal waived. In the second suit the final decree is reversed and a decree is to be entered that so much of the decision of the zoning board of appeals of the town of Scituate as granted the variance was in excess of the board's authority and is annulled.

*So ordered.*