PLANNING BOARD OF SPRINGFIELD *vs.* BOARD OF APPEALS
OF SPRINGFIELD & others.

Hampden.    January 7, 1969. — March 10, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Zoning,* Variance.

A decision of the zoning board of appeals of a city must be annulled
as in excess of the board's authority under G. L. c. 40A, § 15, in grant-
ing a variance permitting the erection of a garage for commercial
vehicles on premises in a residence zoning district used for more than
fifty years in connection with a landscaping business, where neither
the board nor the trial judge on appeal to the Superior Court under
§ 21 made the requisite finding that the variance sought could be
granted without substantial detriment to the public good and without
substantially derogating from the intent or purpose of the zoning
ordinance.

BILL IN EQUITY filed in the Superior Court on Febru-
ary 25, 1965.

The suit was heard by *Noonan,* J.

*Charles S. Cohen* for the plaintiff.

*Francis J. Shea* for the defendants Enrico Yacavone &
another.

*John J. O'Connor,* for the Board of Appeals of Spring-
field, joined in a brief.

SPALDING, J.    This bill in equity is brought by the plan-
ning board of the city of Springfield under G. L. c. 40A,
§ 21, inserted by St. 1954, c. 368, § 2, as amended, by way
of appeal from a decision of the board of appeals of the city
granting a variance.    The judge entered a final decree that
the board's decision did not exceed its authority and that
the variance was valid.    From this decree the planning
board appealed.    See *Planning Bd. of Springfield* v. *Board
of Appeals of Springfield,* 338 Mass. 160, 163.    The judge
made a voluntary report of material facts.    The evidence
is reported.

355 Mass. 460                                          461

Planning Board of Springfield v. Board of Appeals of Springfield.

The locus, which is owned by Enrico and Rosalie S. Yacavone, is an irregularly shaped lot of land with frontage on Cherry Street and Hancock Street in Springfield. It is presently used in connection with a landscaping business conducted by the Yacavones. They and their ancestors have carried on such a business on the premises for more than fifty years. The Yacavones presently keep three trucks on the locus which they use in connection with their business. There are four automobile repair garages and one appliance store on Hancock Street to the east of the locus. To the north and adjacent to the locus is an apartment building with a garage in the rear containing eighteen stalls. The locus, which slopes down from this garage, is in a residence "B" district. Under the zoning ordinance such a district is restricted to one and two family houses. A garage for three vehicles is permitted, but only one vehicle can be used for commercial purposes and its capacity must not exceed one and one-half tons. The Yacavones applied to the board of appeals for a variance to permit the erection of a garage for their three commercial vehicles. The board granted the variance, subject to the following restrictions: (1) shrubbery to be planted to conform with the landscaping of the abutting residential area; (2) the installation of a chain link fence six feet high around the locus; (3) the premises to be kept clean and free from debris, and steps taken to prevent trucks and bulldozers from obstructing pedestrian and vehicular traffic in the area; and (4) the limitation of business operations to the period between 7 A.M. and 7 P.M.

A variance may be granted under G. L. c. 40A, § 15, as amended through St. 1958, c. 381, "where, owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the

intent or purpose of such ordinance or by-law, but not otherwise." Before a variance can be granted all of the requirements set forth in the statute must be satisfied. *Atherton* v. *Board of Appeals of Bourne*, 334 Mass. 451, 454. *Shacka* v. *Board of Appeals of Chelmsford*, 341 Mass. 593, 595. And a decision of the board of appeals granting a variance cannot stand unless the board specifically finds that each statutory requirement has been met. *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692. *Barnhart* v. *Board of Appeals of Scituate*, 343 Mass. 455. On appeal from the board's decision it is the judge's duty under G. L. c. 40A, § 21, to determine the facts for himself upon the evidence introduced before him, to apply the governing principles of law, and then to inspect the decision of the board and enter such decree as justice and equity may require. *Blackman* v. *Board of Appeals of Barnstable*, 334 Mass. 446, 449. The judge, like the board of appeals, may uphold the variance only if he finds that the prerequisites of § 15 have been met. *Blackman* v. *Board of Appeals of Barnstable, supra. Coolidge* v. *Zoning Bd. of Appeals of Framingham*, 343 Mass. 742. Here both the board and the judge made no finding that the variance could be granted without substantial detriment to the public good and without substantially derogating from the intent or purpose of the ordinance. The absence of such a finding in each case is fatal.

We are mindful that the judge took a view of the locus and that his findings included the following: The proposed garage would not affect the "view of the neighbors"; because of the distance of the garage from a public highway no traffic hazard would be created; the building of a residence on the locus is unlikely; and the highest and best use of the land is its use in connection with the landscaping business. But neither these findings nor the evidence is sufficient to supply the omitted finding. Compare *Twomey* v. *Board of Appeals of Worcester*, 347 Mass. 684, 685. The change of use permitted by the variance is not of such small consequence as to be disregarded. See *Cary* v. *Board of Appeals of Worcester*, 340 Mass. 748, and cases collected in

*Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 262.

The final decree is reversed and instead a decree is to be entered that the decision of the board of appeals was in excess of its authority and is annulled.

*So ordered.*