Rescript Opinions.

SUSAN ANESSE & another *vs.* BOARD OF APPEALS OF SOMERVILLE & another (and a companion case [1]). May 5, 1972. The defendant Universal Laundry, Inc. (the laundry) owns three adjoining parcels of land in a residence district in Somerville. Buildings on the three parcels were being used for business purposes when the zoning ordinance was adopted in 1925, and valid nonconforming uses continued thereafter. After 1960, the buildings were altered, structural changes made, and uses expanded and changed. The zoning ordinance then provided that the board of appeal (board) might authorize such changes as exceptions, subject to conditions and safeguards. In 1968 neighbors sought enforcement of the ordinance against the laundry; the court ordered enforcement, but stayed issuance of a writ of mandamus to allow the board to consider applications filed by the laundry. In 1969, the board granted special permits and variances allowing the businesses to continue, and neighbors filed bills in equity in the Superior Court under G. L. c. 40A, § 21. The judge heard the consolidated cases on a statement of agreed facts, numerous exhibits, a limited amount of testimony, and arguments of counsel; he also took a view. He made no report of material facts; upon "all the evidence" before him he ruled that the board did not exceed its authority. He entered decrees sustaining its decisions. The neighbors appealed; the evidence is reported. There was no error in upholding the special permits for exceptions, which are not subject to the more stringent limitations on variances. G. L. c. 40A, §§ 4, 5, 15. *LaMontagne* v. *Kenney,* 288 Mass. 363, 366–368. *Moore* v. *Cataldo,* 356 Mass. 325, 328, and cases cited. *MacGibbon* v. *Board of Appeals of Duxbury,* 356 Mass. 635, 637–639. Rigid and inequitable enforcement of zoning ordinances does not necessarily result in public advantage, and prior noncompliance did not bar the grant of an exception. See *Marblehead* v. *Deery,* 356 Mass. 532, 537–538; *Hallenborg* v. *Town Clerk of Billerica,* 360 Mass. 513, 519–520, and cases cited. The entry of the decrees imported findings of all facts, open on the evidence, needed to support the decrees, and such findings must stand unless plainly wrong. *Bannish* v. *Bannish,* 357 Mass. 279, 281. There is ample evidence to support such findings. See *Carson* v. *Board of Appeals of Lexington,* 321 Mass. 649, 654–655; *Simeone Stone Corp.* v. *Oliva,* 350 Mass. 31, 38. As to the variances, the absence of findings by the judge that the statutory requirements were met is fatal. *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 355 Mass. 460, 462. The variances are not of great significance, since the same activities are covered by valid special permits. The final decrees are reversed. New decrees are to be entered (a) as to the decisions granting special permits, declaring that the board did not exceed its authority and that no modification of those decisions is required, and (b) annulling the decisions granting variances as in excess of the authority of the board.

*So ordered.*

*Eugene L. Tougas,* for the plaintiffs, submitted a brief.

*Joseph Landis (Joseph R. Corish* with him) for Universal Laundry, Inc.

*William B. Jerome,* Temporary City Solicitor, for the Board of Appeals of Somerville, joined in a brief.

---

[1] The companion case is Constance Crivello & another *v.* Board of Appeals of Somerville.