JAMES M. KNOTT & another[1] vs. ZONING BOARD OF APPEALS OF NATICK & another.[2]  December 17, 1981.  In 1960, the Natick zoning board of appeals (the board) granted a variance from the town's zoning by-law for an addition to an old house used as a nursing home, near the corner of Lincoln Street and Cohn Street on a lot (the locus) within a general residence area.  The variance apparently was granted with reference to a map, dated July 26, 1960, which showed by dotted lines the area to be covered by the building contemplated by the variance.  The boundary of that area closest to Lincoln Street was parallel to and twenty feet distant from Lincoln Street (an extension of the line of the Lincoln Street side of

---

[1] Betty Knott.

[2] Nicholas H. Thisse, present owner of the locus.

the existing building). On the side toward Cohn Street, the dotted line ran about parallel to and about twenty-seven feet from Cohn Street. The zoning by-law (apart from any variance) required a minimum setback of thirty feet from the street line in a general residence (RG) district. Following the 1960 variance, which (in words and apart from the 1960 map) was not specific in its references to the setback from Lincoln Street, a building was constructed which in fact went only to within twenty-five feet of Lincoln Street and to within fifty-seven feet of Cohn Street. A special permit also was granted in 1960 to allow construction of the then proposed extension.

In 1976, a new owner of the locus sought new special permits (necessitated by various Federal and State safety and other regulations affecting nursing homes). First, it was proposed to make (on the rear side of the existing building) an alteration, not itself violating any setback provision of the zoning by-law, to provide a staircase and two new bedrooms in or near the original building on the locus. Second, it was proposed to extend the 1960 extension to a line within about thirty to thirty-two feet from Cohn Street. The whole of this extension apparently would be within the dotted line area shown on the 1960 map and, thus, within the unused area authorized for building by the 1960 variance. The changes would permit the nursing home to admit four new patients.

The board, in a decision filed on July 8, 1976, granted special permits. It found that a denial of permits for the improvements "would prevent the owner from correcting deficiencies mandated by State and Federal [a]gencies." It also found the improvements were "for the protection of public health, safety and convenience" and would provide nursing facilities and job opportunities needed in the area.

Two residents of Natick, who were objectors before the board, remain as plaintiffs in this proceeding seeking to annul the board's decision. The trial judge made findings consistent with the foregoing statement of facts and, in particular, found that the plans submitted to the board in 1976 complied "with the setback requirements of the 1960 variance." He further found that the proposed extension would "not be detrimental or offensive to the neighborhood" or "result in decreased property values" or "increase noise, odors, or traffic." He ruled that the board's decision "did not exceed its authority and was in full compliance with the [town] by-laws," thus accepting the board's conclusion that the permits will not "tend to derogate from the intent and purpose of the . . . by-law."

1. No question is before us with respect to the validity of the 1960 variance. The record reveals no effort to seek judicial review of that variance. We treat it as established, as still in effect, and as an authorized modification (with respect to the locus) of the setback provisions of the town zoning by-law. The case of *Wrona* v. *Board of Appeals of Pittsfield*, 338 Mass. 87, 89 (1958), much relied on by the plaintiffs, has no application to this case, which does not require further use of the variance proce-

dure and where there has been shown no violation of the by-law's setback provisions as modified by the 1960 variance. The plaintiffs have not established that any provision of the 1960 variance placed any time limit upon its duration. Compare *Todd* v. *Board of Appeals of Yarmouth,* 337 Mass. 162, 169 (1958); *Maki* v. *Yarmouth,* 340 Mass. 207, 212-213 (1960). The plaintiffs in their brief concede that, by the time of these proceedings before the board, the town had not accepted the new zoning enabling act contained in St. 1975, c. 808, as amended. See especially § 7 of c. 808, as corrected by St. 1977, c. 829, §§ 3G and 4. See *Casasanta* v. *Zoning Bd. of Appeals of Milford,* 377 Mass. 67, 70-74 (1979); *Shalbey* v. *Board of Appeal of Norwood,* 6 Mass. App. Ct. 521, 524 n.1 (1978). See also *Huntington* v. *Zoning Bd. of Appeals of Hadley, ante* 710, 711 (1981). The plaintiffs do not appear to argue that the present proceedings are controlled by the new c. 40A, § 10 (which for new variances restricts to one year the time in which the rights granted may be exercised).

2. The trial judge correctly concluded that the board's decision "set forth in sufficient detail the reasons for its findings" and that the special permits were "in compliance with the requirements of" the town by-law.

3. All the evidence which any party wished to present appears to have been before the trial judge and was considered by him. The decided cases indicate that the burden of going forward with evidence rests on the party seeking to establish the validity of a variance or a special permit. See *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555-556 (1962); *Sullivan* v. *Board of Appeals of Canton,* 345 Mass. 117, 120 (1962). Although the trial judge erroneously required the plaintiffs to proceed with the presentation of their evidence in advance of the defendants, the error was harmless as the result in the *Dion* case shows. There is no indication in the judge's adequate findings that he failed to consider all the evidence carefully, or to recognize that the ultimate burden of persuasion rested upon the owner of the locus, or that he did not require the owner fully to assume that burden. His rulings gave full consideration to the nature of the discretion vested in the board with respect to granting a special permit. See cases collected in *Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass. App. Ct. 308, 311-312 (1973).

*Judgment affirmed.*

*Warren G. Miller* for the plaintiffs.
*George M. Ruboy* for Nicholas H. Thisse.