Welch, J.
This is an appeal pursuant to G.L.c. 40A, §17 of a decision of the Zoning Board of Appeals of the City of Gloucester denying the plaintiff variances to build a partial second-story addition on her premises located 12R Andrews Street; Gloucester, Massachusetts. The plaintiff also seeks declaratory relief pursuant to G.L.c. 231A, §§1-9.
The parties frankly acknowledge that this case involves an undecided issue of law: whether a landowner who wishes to make a building alteration which is permitted by the applicable zoning and building codes must apply for a variance merely because the original building was permitted by the grant of an earlier variance. In an effort to resolve this simmering issue, the parties submitted a large number of uncontested exhibits and a lengthy stipulation of facts. They now look to this court to lay the issue to rest. Unfortunately, given the procedural posture of the case, this Court is unable to resolve this lingering zoning issue definitively. This Court, however, is able to rule upon this case on the basis of the undisputed facts.
FINDINGS OF FACT
The following facts are taken from the parties’ stipulation of uncontested facts:
The plaintiff, Carmyn Strickler (“Strickler”), is the successor in interest to Anne D. Bourlassis who was granted four (4) separate variances on the locus in October 1973, which were upheld by the Superior Court after challenge by neighbors in June 1974.
The original construction had been done previously without obj ection in compliance with a building permit issued by the City Building Inspector. A subsequent title examination disclosed a series of zoning violations that ultimately resulted in the issuance of the four variances together with city council action laying out the way upon which the dwelling sat, thus removing an existing land-locked situation.
Strickler now wishes to install a second bedroom by partially raising one-half of her existing roof sufficiently to provide adequate head clearance and light. No additional bathroom facilities will be installed, nor will there be any additional usage to the locus; the property shall remain a single-family residence. All alterations will be made within the original foot prints, and nothing will project or extend beyond the original four walls excepting only the vertical extension for the new roof line which will be within the existing code height restrictions. The original building permit and approved septic system authorized a two-bedroom home. However, only one bedroom currently exists. Thus, the new addition does not exceed the permissible usage for a single-family home.
The four variances granted in 1973 were as follows:
1. 5,000-square-foot lot size;[2]
2. 35.85 frontage;
3. 2VÍ2-foot side yard; and
4. 38-foot lot width.
Strickler was issued a building permit by the City Inspector on October 30, 1992, and her builder commenced construction. However, sometime in December of 1992, the Building Inspector suspended the building permit. Pursuant to instructions from the Building Inspector via her builder, Strickler filed a petition with the Board of Appeals (the “Board”) seeking variances or modifications of variances. The Board *516 denied Strickler’s petition and filed its decision with the Clerk of the City of Gloucester on April 5, 1993. In addition to the opinion by the majority of the Board, Mr. Blatchford, a member of the Board, submitted a dissenting opinion.
RULINGS OF LAW
I. Appeal Pursuant to G.L.c. 40A, §17
Under G.L.c. 40A, §10, a municipal zoning board is permitted to grant a variance if:
Owing to circumstances relating to the soil conditions, shape or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or bylaw would involve substantial hardship, financial or otherwise, to the petitioner or appellant, and that desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or bylaw.
A decision of the board granting a variance cannot stand unless the board specifically finds that each statutory requirement is met. Planning Board of Springfield v. Board of Appeals of Springfield, 355 Mass. 460, 462 (1969). The three prerequisites for the variance are conjunctive and not disjunctive and a failure to establish any one is fatal. Barnhart v. Board of Appeals of Scituate, 343 Mass. 455, 457 (1962).
In the instant action, a denial of a variance is at issue and the standard by which a denial is judged is whether the denial is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary. Genk v. Zoning Appeals Board of Easthampton, 8 Mass.App.Ct. 683 (1979). However, if any reason on which the Board can fairly be said to have relied has a basis in the trial judge’s findings and is within the standards of the zoning bylaw or ordinance and the Zoning Act, the board’s decision must be sustained. S. Volpi & Co. v. Board of Appeals of Waltham, 4 Mass.App.Ct. 357, 359-60 (1979).
No one has a legal right to a variance; it is a disfavored form of relief which should be granted sparingly. Guiragossian v. Board of Appeals of Watertown, 21 Mass.App.Ct. 111, 115 (1985). “[T]heburden is on the person seeking a variance, and the board granting one, to produce evidence that each of the discrete statutory prerequisites has been met and that the variance is justified.” Guiragossian, supra at 115; Warren v. Board of Appeals of Amherst, 383 Mass. 1, 10 (1981). The judge must hear the matter de novo and determine the legal validity of the board’s decision upon the facts as found by the judge. Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972). The decision of the permit granting authority carries no evidentiary weight before the court. Josephs, supra.
In its decision denying the plaintiff her requested variance, the Board determined, inter alia, that the plaintiff failed to show any substantial hardship, financial or otherwise, which would occur if the addition were not built. A “hardship” is defined as “not being able reasonably to use property for the purposes, or in the manner, allowed by the municipal zoning requirements.” Healy, Massachusetts Zoning Manual at 9-13 (1989). All relevant factors “when taken together, must indicate that the plight of the premises in question is unique in that [it] cannot be put reasonably to a conforming use.” Brackett v. Board of Appeals of Bldg. Dept. of Boston, 311 Mass. 52, 60 (1942). Based on a review of the evidence, the plaintiff has failed to meet her burden of producing sufficient evidence which would warrant a finding by this court that she would suffer a hardship if the addition were not built. She is currently able to use her property in the manner allowed by the Gloucester Zoning requirements, i.e., as a single-family residence. Accordingly, the Board’s decision denying the plaintiffs request for a variance was not based on a legally untenable ground. Nor was it unreasonable, whimsical, capricious or arbitrary.
II. Declaratory Relief
In her complaint, the plaintiff also seeks declaratory relief pursuant to G.L.c. 231A, §§1-9. She argues that the proposed renovations to her home are permissible under existing city zoning laws, requiring only issuance of a building permit. She also argues that the historical fact of her locus having been granted variances does not render the locus “nonconforming” within the meaning and intent of G.L.c. 40A, §6. She further argues that the proposed modification of her home did not require issuance of either a variance or special permit, that the “pulling” of her building permit subsequent to its issuance by the City Building Inspector was improper and impermissible and that her appearance before the Board pursuant to guidance from the building inspector was a nullity.
As a matter of law, the plaintiff is prohibited, at this juncture, from bringing an action for declaratory relief pursuant to G.L.c. 231A. General Laws c. 40A, §17 specifically states that:
any person aggrieved by a decision of the board of appeals . . . , may appeal to the Superior Court department... by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk . . . The foregoing remedy shall be exclusive,. . . but the parties shall have all rights of appeal and exception as in other equity cases.
(Emphasis added.) Because G.L.c. 40A, §17 provides the plaintiff with an exclusive remedy, the plaintiff is barred at this time from seeking relief under G.L.c. 231A. See Iodice v. Newton, 397 Mass. 329, 332-35 (1986).[3]
*517 III. Other Relief
“It is well settled in Massachusetts that a ‘court hearing an appeal from the grant or denial of a variance or a special permit is without administrative discretion ... [a court may not substitute] forms of relief different from those originally asked for . . .’ ” DiGiovanni v. Board of Appeals of Rockport, 19 Mass.App.Ct. 339, 343 (1985) (citation omitted). The only relief that the plaintiff requested was a new variance or a modification of her existing variance. As previously discussed, this court determined that the Board’s decision denying the plaintiffs requested relief was proper.
While this conclusion resolves this particular suit, it does not resolve what has become a protracted building dispute. Given the likelihood that this matter will return to this Court in a slightly different dress and in short order, a few additional observations are in order. It is the opinion of this Court that the plaintiff did not need the requested variance for the proposed addition to her house. The 1973 variances permitted the plaintiff to build a certain size house. The proposed vertical addition would not encroach upon the existing variances. Regardless of this fact, the Board determined that the plaintiff needed a new variance or a modification to the existing variance before she could go forward with the proposed construction. The Board relied on DiGiovanni, supra. In that case, the Appeals Court held that the plaintiff could not alter the express terms of a variance without obtaining a new variance. In DiGiovanni, the plaintiff wanted to shift the location of a building, thus deviating from the set of plans which were expressly incorporated in the variance. DiGiovanni, supra at 347 n. 15.
In the instant action, the Board found “that the original decision granting the variances incorporated in it, specifically or by adequate reference, the specific structure which then existed and now exists and therefore its size, shape, dimensions and relationship to the lot. . .” The Board further found that “such an incorporation in its original decision constituted, in effect, a condition on the grant of the original variances that the structure not be materially modified.” Finally, the Board concluded that “under DiGiovanni, where as here, variances were granted based on a particular specified set of plans or existing structure, and where, as here, the structure has been or is proposed to be altered in such a way as to constitute a material difference from the original plans or structure, new variances are required or modifications to the old variances . . . are required, and the same standards apply for the granting or modification of the variances as were required for granting the original variances.”
This Court disagrees with the Board’s reliance on DiGiovanni and its finding that the 1973 variances were based on a particular specified set of plans or existing structure. The 1973 variances incorporate no such language. Instead, these variances incorporate specific dimensions covering lot area, lot width, frontage and side yard which the plaintiff had no intention of exceeding with her proposed addition. Thus, Di-Giovanni is not applicable and the plaintiff should not have been required to obtain a new variance or a modification of the 1973 variances.
This Court further finds that the plaintiff did not need a special permit for the proposed addition. General Laws c. 40A, §6 and §2.4 of the City of Gloucester Zoning Ordinance allows a nonconforming structure to be modified pursuant to a special permit if certain criteria are met. The Board conceded that the plaintiffs house was not a nonconforming structure as defined by G.L.c. 40A, §6. This conclusion obviated the need for any special permit before beginning construction. See Mendes v. Board of Appeals of Barnstable, 28 Mass.App.Ct. 527 (1990).
Given this Court’s conclusion that neither a variance nor a special permit was required, it is this Court’s view that the building permit that was issued to the plaintiff and subsequently “pulled” by the building inspector was all that was needed for the proposed construction. However, because the plaintiff did not appeal the Building Inspector’s revocation of the building permit, this court is without power to rescind the Building Inspector’s order at this time.
ORDER
Based on the foregoing reasons, it is hereby ORDERED that the decision of the Board of Appeals of the City of Gloucester is hereby AFFIRMED.

 The zoning code was changed during pending of original hearings from 5,000 to 10,000 square feet.

 It should also be noted that “to secure declaratory relief in a case involving an administrative action, a plaintiff must show . . . that available administrative remedies have been exhausted. Village Development Co., Inc. v. Secretary of the Executive Office of Environmental Affairs, 410 Mass. 100, 106 (1991). The declaratory judgment route cannot be taken to avoid the appeals process set out in the zoning act, G.L.c. 40A, §17. Colangelo v. Board of Appeals of Lexington, 407 Mass. 242, 247 (1990).