Lauriat, J.
The plaintiffs, Donald E. Kendall and Rita B. Kendall (collectively “the Kendalls”), brought this action seeking judicial review of a decision of the Board of Appeals of the Town of Dracut (“the Board”) granting a variance to the defendants, Donald R. Morin and Cheryl Morin (collectively “the Morins”), to construct an addition on their property. The Kendalls have now moved for summary judgment on the ground that the Board exceeded its jurisdiction in failing to satisfy the statutory prerequisites for granting a variance set forth in G.L.c. 40A, §10. The Board has cross-moved for summary judgment on the ground that it did not abuse its authority nor exceed its jurisdiction in rendering the decision to grant the variance. The Morins have also cross-moved for summary judgment. The Morins contend that the Kendalls’ present action is barred by the doctrine of laches, res judicata, collateral estoppel and the statute of limitations set forth in G.L.c. 40A, §7. The Morins further assert that the Kendalls lack standing as “aggrieved persons” under G.L.c. 40A, §17 to bring this appeal. For the reasons which follow, the Kendalls’ motion for summary judgment is allowed. The Board’s cross-motion for summary judgment is denied. The Morins’ cross-motion for summary judgment is also denied.
BACKGROUND
The Kendalls, at all relevant times, have been the owners of real estate located at 19 Roswell Avenue, Dracut, Massachusetts. The Morins, at all relevant times, have been the owners of real estate located at *170 31 Roswell Avenue, Dracut, Massachusetts. Defendants John Crowley (“Crowley”), Michael Kizner (“Kizner”), and Thomas Welch (“Welch”) are members of the Board.
The Kendall and the Morin properties are both located in a General Residence district for purposes of the zoning by-laws for the Town of Dracut (“Dracut”). The minimum front yard setback requirement for this district is thirty feet. The minimum sideline setback requirement is fifteen feet. The Dracut zoning by-laws require that corner lots shall maintain front yard requirements for each street frontage.
The Kendall and the Morin properties .are separated by a paper street known as Monadnock Avenue, which is set in a subdivision plan of real estate known as “Woodsville Heights Plan of Building Lots in Dracut, Massachusetts, belonging to Curtis W. Johnson.” This portion of Monadnock Avenue has never been abandoned by Dracut, nor have the Kendalls or their predecessors ever relinquished any rights in or to it.
On March 2, 1987, John D. Morin applied for a building permit to erect an addition to the existing house on the Morins’ property. Mr. Morin’s application was denied by Maurice McGrath (“McGrath”), the Dracut building inspector at that time, on the ground that the erection of such an addition would violate Dracut’s zoning setback requirements. On the same day, Mr. Morin filed a petition for a variance from the zoning setback requirements with the Board. That petition was never processed.
On March 24, 1987, Mr. Morin filed another application for a building permit with McGrath.[1] On March 27, 1987, a building permit was issued to Mr. Morin. The building permit was signed by McGrath’s secretary, Marilyn Doran. The Morins thereafter built the addition on their property.
On February 15, 1990, the Kendalls brought an enforcement action against the Morins, pursuant to G.L.c. 40A, §7, on the ground that the Morins’ addition was in violation of the Dracut zoning by-laws. After a public hearing on the Kendalls’ petition, the Board unanimously voted to uphold the decision of the building inspector.
On October 29, 1990, the Kendalls filed an appeal of the Board’s action in the Superior Court. After a trial, the court (Hinkle, J.) issued a Memorandum of Decision and Order of Judgment, dated September 3, 1993, which held that the Morins’ addition was in violation of the zoning by-laws of Dracut. The court, however, granted the Morins a reasonable opportunity to seek a variance for their addition.
On December 2, 1993, the Board held a public hearing on the Morins’ application for a variance and subsequently granted the variance. On December 31, 1993, the Kendalls filed the present action appealing the decision of the Board to grant the Morins a variance from the Dracut zoning by-laws.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P.56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving parly is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
“Under G.L.c. 40A, §17, a trial judge is instructed to annul a board’s decision if he finds it ‘to exceed the authority of [the] board.’ ” DiGiovanni v. Board of Appeals ofRockport, 19 Mass.App.Ct. 339, 349 (1985), quoting Vazza Properties. Inc. v. City Council of Woburn, 1 Mass.App.Ct. 308, 312 (1973). The Kendalls assert that the Board exceeded its jurisdiction in granting the Morins’ variance because it did not satisfy the prerequisites set forth in G.L.c. 40A, §10. That statute authorizes a local zoning board to grant a variance if it “specifically finds” that;
owing to certain circumstances relating to the soil conditions, shape, or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve a substantial hardship, financial or otherwise, to the petitioner or appellant, and that desirable relief may be granted without substantially derogating from the intent or purpose of such ordinance or by-law.
G.L.c. 40A, §10.
The three prerequisites to the granting of a variance are conjunctive, not disjunctive, and, therefore, “[a] failure to establish any one of them is fatal.” Blackman v. Board of Appeals of Barnstable, 334 Mass. 446, 450 (1956). Thus, “a decision of the board of appeals granting a variance cannot stand unless the board finds that each of the prerequisites does exist.” Barnhart v. Board of Appeals of Scituate, 343 Mass. 455, 457 (1962) (citations omitted). “[T]he power to vary the application of a zoning ordinance must be ‘sparingly exercised and only in rare instances and under exceptional circumstances peculiar to their nature, and with due regard to the main purpose of a zoning ordinance to preserve the property rights of others.” Blackman, supra at 450, quoting Hammond v. Board of Appeal of Springfield, 257 Mass. 446, 448.
At the public hearing before the Board, on December 2, 1993, the Kendalls’ counsel asserted that the prerequisites of G.L.c. 40A, §§10 and 15 had not been met and, therefore, that the Board had no authority to grant the variance. The Board then unanimously voted to grant the variance “based on a definite hardship on the land.”
*171 In support of the Board’s decision, Kizner stated that “[the variance] would clear up any problems that have risen in the past...” Crowley explained that “the fact that they now have added a porch which now brings the Morins to within six feet of the road is dimuniüve [sic] with respect to the existing dwelling . . Finally, Welch concurred in the decision because “the permits were given in good faith to build the addition and there might have been some assumption on the part of the people that put on this addition...” The hardship upon which the decision is based, therefore, appears to be the Morins’ hardship in removing the addition. However, prior illegal improvements on the land cannot be used to establish hardship under G.L.c. 40A, §10. DiGiovanni v. Board of Appeals of Rockport, 19 Mass.App.Ct. 339, 349 (1985) (“ [W]hile we agree that it is a misfortune that [the plaintiff] has build buddings where they ought not to have been built, this is not the type of hardship that justifies a variance”). Further, “the financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public.” Blackman, supra at 450. Thus, the court concludes that the Board erred in determining that the second prerequisite of G.L.c. 40A, §10 had been met.
Further, while Crowley mentioned the first and third prerequisites of G.L.c. 40A, §10 during the Board’s discussion, the Board failed to make any findings which supported the conclusion that there existed conditions on the Morins’ property with regard to the soil, shape, or topography of the land which compelled the granting of a variance or that the variance could be granted “without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law.” G.L.c. 40A §10. Accordingly, because the Board did not make findings with regard to the statutory prerequisites in G.L.c. 40A, §10, the decision is invalid.[2]
II.
The Morins contend that the Kendalls’ present action is barred by the doctrines of laches, res judicata, collateral estoppel, the statute of limitations set forth in G.L.c. 40A, §7, and that the Kendalls lack standing as “aggrieved persons” under G.L.c. 40A, §17. Each contention will be discussed in turn.
The doctrine of laches operates in equity as an affirmative defense against a plaintiff whose unreasonable delay in bringing a claim results in some injury or prejudice to the defendant. Shea v. Shea, 296 Mass. 143 (1936). While this matter has resulted in prolonged litigation, any delay in the resolution of the Kendalls’ claim is the result of the statutory method of review set forth in G.L.c. 40A, §17, and the Superior Court’s ruling which remanded the action to the Board. Thus, because there is nothing in the record to suggest that the Kendalls have unreasonably delayed in their pursuit of this action, its dismissal on the ground of laches is inappropriate.
The Morins further contend that the Kendalls’ claim is barred by the doctrines of res judicata and collateral estoppel because the Kendalls have already appealed the Board’s decision to allow the construction of the Morins’ addition once to the court (Hinkle, J.). Judge Hinkle held that the Morins’ addition violated the zoning by-laws, but provided the Morins with a reasonable opportunity to seek a variance. The validity of the variance which the Morins subsequently obtained has never been litigated and, indeed, the facts surrounding its issuance are distinct from the facts surrounding the issuance of the original building permit. Accordingly, the doctrines of res judicata and collateral estoppel are not applicable to this action.
The Morins further contend that the present action is barred by the six-year statute of limitation set forth in G.L.c. 40A, §7. G.L.c. 40A, §7 states, in relevant part, that:
... if real property has been improved and used in accordance with the terms of the original building permit issued by a person duly authorized to issue such permits, no action, criminal or civil, . . . shall be maintained, unless such action, suit or proceeding is commenced and notice thereof recorded in the registry of deeds for each county or district in which the land lies within six years next after the commencement of the alleged violation of law.
The original building permit was granted on March 27, 1987. On February 15, 1990, the Kendalls timely brought an enforcement action against the Morins pursuant to G.L.c. 40A, §7. On September 2,1993, the court (Hinkle, J.) rendered its decision that the building permit violated the Dracut zoning by-laws and remanded the case to the Board. Because the court did not retain jurisdiction over the case in the event that the variance was granted, the Kendalls had to bring a new lawsuit on December 31, 1993 in order to appeal the Board’s decision.
The Kendalls’ second lawsuit in 1993 was the ultimate result of the court’s Order remanding the matter to the Board. However, there is no question that the Morins had notice of the Kendalls’ claims in this matter in 1990, well within the six-year statute of limitations. Accordingly, the court concludes that the present action is not barred by the statute of limitations set forth in G.L.c. 40A, §7.
Finally, the Morins contend that the Kendalls’ claim is barred because the Kendalls lack standing to appeal the Board’s granting of the variance to the Morins. As abutters, the Kendalls enjoy a presumption of “aggrieved person” status. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992). However, “[o]nce a defendant in a §17 appeal challenges the plaintiffs standing and offers evidence to support the challenge . . . the jurisdictional issue is to be decided on the basis of the evidence with no benefit to the plaintiff from the presumption.” Id. “The burden of proof then shifts to the challenged plaintiff who must *172 come forward with ‘specific facts’ to support the assertion of status as an aggrieved person.” Cohen v. Zoning Board of Appeals of Plymouth, 35 Mass.App.Ct. 619, 621 (1993), citing Barvenik, supra at 132 n. 9. A “person aggrieved” is someone who can assert a plausible claim of private right, private property interest, or private legal interest, as opposed to a general public concern about zoning questions. Commonwealth v. Dowd, 37 Mass.App.Ct. 164 (1994).
In the present case, the Kendalls are adversely affected by the granting of this variance because the Morins’ addition infringes upon Monadnock Avenue, which could landlock the Kendalls’ abutting lots. The injuries caused by the issuance of the variance are, therefore, quite specific to the Kendalls. Thus, the court concludes that the Kendalls have standing as “aggrieved persons” to bring this action.
Accordingly, because the Board did not comply with the statutoiy requirements of G.L.c. 40A, §§10 and 15 in granting the variance to the Morins and because the Morins have not raised any valid defenses to this action, the Kendalls are entitled to summary judgment on their claim. This matter is remanded to the Board for further proceedings consistent with G.L.c. 40A, §10 and this Order.
ORDER
For the foregoing reasons, the plaintiffs Donald E. Kendall and Rita B. Kendall’s Motion for Summary Judgment is ALLOWED. The defendants John D. Morin and Cheryl Morin’s Motion for Summary Judgment is DENIED. The defendants John Crowley, Michael Kizner, and Thomas Welch, as they are Members of the Board of Appeals of the Town of Dracut, Massachusetts, Motion for Summary Judgment is DENIED. This matter is remanded to the Board of Appeals of the Town of Dracut, Massachusetts for proceedings consistent with G.L.c. 40A, §10 and this Order.

Mr. Morin’s second application contained a mortgage plot plan.

The court notes that the Board, in its memorandum, contends that this “case arose as a result of correcting and legitimizing an honest mistake. The Defendant Board of Appeal did not act with gross negligence, in bad faith or with malice.” However, G.L.c. 40A, §10 “is not complied with merely by a finding that the board acted in good faith and that its decision was not arbitrary or unreasonable.” Blackman, supra at 450.